1  Nicole Lavallee (SBN 165755)
   Jeffrey V. Rocha (SBN 304852)
2  **BERMAN TABACCO**
   44 Montgomery Street, Suite 650
3  San Francisco, CA  94104
   Telephone: (415) 433-3200
4  Facsimile:  (415) 433-6382
   Email: nlavallee@bermantabacco.com
5          jrocha@bermantabacco.com

6  *Counsel for Movant Alameda County
   Employees' Retirement Association and*
7  *Proposed Lead Counsel for the Class*

8
                    **UNITED STATES DISTRICT COURT**
9                   **NORTHERN DISTRICT OF CALIFORNIA**
                         **SAN FRANCISCO DIVISION**
10

| | |
|---|---|
| 11  PAUL HAYDEN, Individually and on Behalf of All Others Similarly Situated, | No. 3:20-cv-00367-VC |
| 12  Plaintiff, | <u>CLASS ACTION</u> |
| 13  v. | **[PROPOSED] ORDER RELATING AND CONSOLIDATING CASES, APPOINTING LEAD PLAINTIFF AND APPROVING LEAD PLAINTIFF'S SELECTION OF COUNSEL** |
| 14  PORTOLA PHARMACEUTICALS INC., SCOTT GARLAND, and MARDI C. DIER, | |
| 15  Defendants. | |
| 16 | |
| 17 | Date:   April 23, 2020<br>Time:   10:00 a.m.<br>Dept.:  4 – 17th Floor<br>Judge:  Hon. Vince Chhabria |
| 18 | |
| 19 | |
| 20  JOHN R. MCCUTCHEON, Individually and on Behalf of All Others Similarly Situated, | No. 3:20-cv-00949-EMC |
| 21  Plaintiff, | <u>CLASS ACTION</u> |
| 22  vs. | Dept.:  5 – 17th floor<br>Judge:  Hon. Edward M. Chen |
| 23  PORTOLA PHARMACEUTICALS INC., SCOTT GARLAND, SHELDON KOENIG, and MARDI C. DIER, | |
| 24 | |
| 25  Defendants. | |
| 26 | |
| 27 | |
| 28 | |

| | |
|---|---|
| SOUTHEASTERN PENNSYLVANIA TRANSPORTATION AUTHORITY, on behalf of itself and all others similarly situated,<br><br>                Plaintiff,<br><br>v.<br><br>PORTOLA PHARMACEUTICALS, INC., SCOTT GARLAND, MARDI C. DIER, SHELDON KOENIG, HOLLINGS C. RENTON, JEFFREY W. BIRD, LAURA BREGE, DENNIS FENTON, JOHN H. JOHNSON, DAVID C. STUMP, and H. WARD WOLFF,<br><br>                Defendants. | No. 3:20-cv-01501-WHA<br><br>CLASS ACTION<br><br>Dept.: 12 – 19th Floor<br>Judge: Hon. William Alsup |

Having considered the papers filed in support of the motion filed by Alameda County Employees' Retirement Association ("ACERA") to relate and consolidate the above cases, for appointment as Lead Plaintiff and for approval of its selection of counsel pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §78u-4(a)(3)(B), and Section 27(a)(3)(B) of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. §77z-1(a)(3)(B), both as amended by the Private Securities Litigation Reform Act (the "PSLRA"), and for good cause shown, the Court hereby enters the following Order:

**RELATION AND CONSOLIDATION OF CASES**

1. The following cases (the "Related Cases") are deemed related pursuant to Local Civil Rule 3-12:

| Name | Case Number |
|---|---|
| *Hayden v. Portola Pharmaceuticals Inc., et al.* | 3:20-cv-00367-VC |
| *McCutcheon v. Portola Pharmaceuticals Inc., et al.* | 3:20-cv-00949-EMC |
| *Southeastern Pennsylvania Transportation Authority v. Portola Pharmaceuticals Inc., et al.* | 3:20-cv-01501-WHA |

2. Pursuant to Federal Rule of Civil Procedure 42, Section 21D(a)(3)(B)(ii) of the Exchange Act, 15 U.S.C. §78u-4(a)(3)(B)(ii), and Section 27(a)(3)(B)(ii) of the Securities Act, 15 U.S.C. §77z-1(a)(3)(B)(ii), both as amended by the PSLRA, the Related Cases are hereby consolidated for all purposes into one action.

3. The Related Cases, now consolidated, shall hereafter be referred to as the "Consolidated Action." This Order shall apply to the Consolidated Action and to each case that is subsequently filed in this Court or transferred to this Court and that relates to the same subject matter as the Consolidated Action.

4. The Clerk shall mail a copy of this Order to counsel of record in the Consolidated Action.

5. Every pleading in the Consolidated Action shall have the following caption:

| | |
|---|---|
| IN RE PORTOLA PHARMACEUTICALS, INC.<br><br>This Document Relates to:<br>    ALL ACTIONS | ) ) ) ) ) ) ) ) ) Case No. 3:20-cv-00367-VC |

6. The Court requests the assistance of counsel in calling to the attention of the Clerk of this Court the filing or transfer of any case that might properly be consolidated as part of the Consolidated Action.

7. When a case that arises out of the same subject matter of the Consolidated Action is hereinafter filed in this Court or transferred from another Court, the Clerk of this Court shall:

   (a) File a copy of this Order in the separate file for such action;

   (b) Mail a copy of this Order to the attorneys for the plaintiff(s) in the newly filed or transferred case and to any new defendant(s) in the newly filed or transferred case; and

   (c) Make the appropriate entry in the docket for the Consolidated Action.

8. Each new case arising out of the subject matter of the Consolidated Action that is filed in this Court or transferred to this Court shall be consolidated with the Consolidated Action and this Order shall apply thereto, unless a party objects to consolidation within ten (10) days after the date upon which a copy of this Order is served on counsel for such party by filing an application for relief, and this Court deems it appropriate to grant such an application.  Nothing in the foregoing shall be construed as a waiver of defendants' right to object to consolidation of any subsequently filed or transferred related action.

**APPOINTMENT OF LEAD PLAINTIFF**

9. The Court concludes that ACERA is the "most adequate plaintiff" and that it complies with the requirements of Section 21D(a)(3) of the Exchange Act, 15 U.S.C. §78u-4(a)(3); Section 27(a)(3) of the Securities Act, 15 U.S.C. §77z-1(a)(3); and the PSLRA for

appointment as lead plaintiff.  The Court hereby appoints ACERA as lead plaintiff in the Consolidated Action and in any related actions subsequently transferred to or filed in this Court.

**APPROVAL OF SELECTION OF LEAD COUNSEL**

10. ACERA has selected Berman Tabacco to serve as its counsel.  The Court approves of this selection and appoints Berman Tabacco as lead counsel for the Consolidated Action.  Lead counsel shall have, *inter alia*, the following responsibilities and duties:

(a) File a consolidated complaint and any amended consolidated complaint;

(b) Brief and argue motions;

(c) Initiate and conduct discovery including, without limitation, coordination of discovery with defendants' counsel, the preparation of written interrogatories, requests for admissions and requests for production of documents;

(d) Direct and coordinate the examination of witnesses in depositions;

(e) Act as spokesperson at pretrial conferences;

(g) Initiate and conduct any settlement negotiations with counsel for the defendants;

(i) Consult with and employ experts; and

(j) Supervise all other matters related to the prosecution or resolution of this Consolidated Action.

11. Lead plaintiff shall meet and confer with defendants and submit a mutually agreeable schedule for the filing of a consolidated complaint and for the filing of answers and/or responsive motions to such consolidated complaint.  The schedule shall be submitted to the Court for approval within thirty (30) days of the date of entry of this Order.

//
//
//

12. Defendants shall have no obligation to file any answer or otherwise responsive papers to any of the pending individual complaints hereby consolidated other than the consolidated complaint.

IT IS SO ORDERED.

DATED: _____    _____
HON. VINCE CHHABRIA
UNITED STATES DISTRICT JUDGE