UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL HAYDEN, et al.,<br><br>   Plaintiffs,<br><br>  v.<br><br>PORTOLA PHARMACEUTICALS, INC., et al.,<br><br>   Defendants. | Case No. 20-cv-00367-VC<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND**<br><br>Re: Dkt. Nos. 90, 92 |

  The motion to dismiss is granted.

  Based on the discussion at the hearing, the Court cannot rule out the possibility that, in light of myriad factors including short-dated product, the company's return policy, and limited utilization, Portola's revenue statements did not comply with GAAP and were thus misleading (and intentionally so). But the current complaint does not do enough to explain the revenue statements and how they support the plaintiffs' theory of securities fraud. For example, the allegations rely heavily on Exhibit 3 without fully describing what the numbers in that exhibit mean, where they come from, or why they fail to comport with GAAP. Nor does the complaint address the significance of GAAP compliance for a publicly traded company or explain how the company could have presented its revenue numbers more truthfully.

  During the hearing the plaintiffs also focused the Court's attention on company leadership's statements about growth and demand made in the fourth quarter of 2019. Again, while the Court cannot rule out the possibility that those statements amounted to securities fraud, the complaint does not adequately explain their significance or make the logical steps needed to

reach an inference that they were false or misleading.

Perhaps part of the problem is in how the complaint was drafted: it is lengthy, repetitious, and confusing. For example, a set of five paragraphs summarizing the statements of various confidential informants is repeated nearly verbatim at least three times. By contrast, what the plaintiffs identified at the hearing as the most essential allegations about Portola's revenue statements appear for the first and only time more than 180 pages in.

Dismissal is with leave to amend. Rather than continuing to throw spaghetti at the proverbial wall, any amended complaint should focus on presenting a coherent narrative. Plaintiffs' lawyers in securities fraud cases often respond to each dismissal by making their complaints longer and longer, throwing in additional (and sometimes contradictory) allegations that diminish the coherence of their theory. This case is an example of that. Accordingly, any amended complaint may not exceed 100 pages (which would be too long in any event) and is due within 21 days of the date of this order.

**IT IS SO ORDERED.**

Dated: March 10, 2021

_____

VINCE CHHABRIA
United States District Judge