UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| PAUL HAYDEN, et al.,<br><br>                Plaintiffs,<br><br>    v.<br><br>PORTOLA PHARMACEUTICALS INC., et al.,<br><br>                Defendants. | No. 3:20-cv-00367-VC<br>Hon. Vince Chhabria |

**ORDER APPROVING CLASS ACTION SETTLEMENT AS AMENDED**

WHEREAS, the above-captioned action is pending in this Court (the "Action");

WHEREAS, (a) Lead Plaintiff Alameda County Employees' Retirement Association ("Lead Plaintiff" Or "ACERA") and Additional Named Plaintiff Oklahoma Firefighters Pension and Retirement System ("OFPRS") (collectively, "Plaintiffs") on behalf of themselves and the Settlement Class (as defined below); (b) Defendant Portola Pharmaceuticals, Inc., Defendants Scott Garland, Mardi Dier, and Sheldon Koenig ("Officer Defendants"), and Defendants Hollings C. Renton, Jeffrey W. Bird, Laura Brege, Dennis Fenton, John H. Johnson, David C. Stump, and H. Ward Wolff ("Director Defendants") (collectively "Portola Defendants"); and (c) and Defendants Goldman Sachs & Co. LLC; Citigroup Global Markets Inc.; Cowen and Company, LLC; William Blair & Company, L.L.C.; and Oppenheimer & Co. Inc. ("Underwriter Defendants") (together with Portola Defendants, "Defendants"), have entered into the Stipulation and Agreement of Settlement dated September 19, 2022 (ECF No. 231-2) (the "Stipulation", "Stip.", or "Settlement"), that provides for a complete dismissal with prejudice of the claims asserted against Defendants in the Action on the terms and conditions set forth in the Stipulation, subject to the approval of this Court;

WHEREAS, unless otherwise defined in this Order, the capitalized terms herein shall have the same meaning as they have in the Stipulation;

WHEREAS, by Order dated October 31, 2022 (ECF No. 242) (the "Preliminary Approval Order"), this Court: (a) found, pursuant to Rule 23(e)(1)(B) of the Federal Rules of Civil Procedure, that it (i) would likely be able to certify the Settlement Class for purposes of the Stipulation and (ii) would likely be able to approve the Stipulation as fair, reasonable, and adequate under Rule 23(e)(2); (b) ordered that notice of the proposed Stipulation be provided to potential Settlement Class Members; (c) provided Settlement Class Members with the opportunity either to exclude themselves from the Settlement Class or to object to the proposed Stipulation; and (d) scheduled a hearing regarding final approval of the Settlement;

WHEREAS, due and adequate notice has been given to the Settlement Class;

WHEREAS, the Court conducted a hearing on March 2, 2023 (the "Final Approval Hearing"), to consider, among other things, (a) whether the terms and conditions of the Stipulation of Settlement are fair, reasonable, and adequate to the Settlement Class, and should therefore be approved; and (b) whether a judgment should be entered dismissing the Action with prejudice as against Defendants;

WHEREAS, no Settlement Class Member has objected to any aspect of the Stipulation of Settlement, nor requested exclusion from the Settlement Class; and

WHEREAS, the Court has considered all matters and papers submitted to it at or in connection with the Final Approval Hearing and otherwise;

NOW, THEREFORE, based upon the Stipulation and all of the findings, records, and proceedings had herein, and it appearing to the Court upon examination, following the duly-noticed Final Approval Hearing, that the Settlement is fair, reasonable, and adequate and should be finally approved, and that the Judgment attached as Exhibit B to the Stipulation should be entered;

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1.     **Jurisdiction** – The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Stipulation, as well as personal jurisdiction over all of the Parties and each of the Settlement Class Members.

2.     **Incorporation of Settlement Documents** – This Order incorporates and makes a part hereof: (a) the Stipulation filed with the Court on September 19, 2022; and (b) the Notice of Pendency of Class Action and Proposed Settlement, Final Approval Hearing, and Motion for Attorneys' Fees and Reimbursement of Litigation Expenses (Exhibit A-1 to Preliminary Approval Order) (the "Notice") and the Summary Notice of Pendency of Class Action and Proposed Settlement, Final Approval Hearing, and Motion for Attorneys' Fees and Reimbursement of Litigation Expenses (Exhibit A-3 to Preliminary Approval Order) ("Summary Notice").

3.     **Class Certification for Settlement Purposes** – The Court finds that: (a) the members of the Settlement Class are so numerous that joinder of all Settlement Class Members in the Settlement Class are impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual question; (c) the claims of Plaintiffs are typical of the claims of the Settlement Class; (d) Plaintiffs and Plaintiffs' Counsel have fairly and adequately represented and protected the Settlement Class Members; (e) the questions of law and fact common to the members of the Settlement Class predominate over any questions affecting only individual Settlement Class Members; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering (i) the interest of each Settlement Class Member in individually controlling the prosecution or defense of separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by or against members of the Settlement Class; (iii) the desirability of concentrating the litigation of these claims in this particular forum; and (iv) the difficulties likely to be encountered in the management of the class action.

4. **The Settlement Class** – The Court hereby finally certifies for the purposes of the Settlement only, the Action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of:

> all persons and entities who purchased or otherwise acquired the common stock of Portola Pharmaceuticals, Inc. ("Portola Inc.") between January 8, 2019 and February 28, 2020, inclusive (the "Settlement Class Period"), and were allegedly damaged thereby; including those who purchased or otherwise acquired Portola Inc. common stock either in or traceable to Portola Inc.'s secondary public offering ("SPO") on or about August 14, 2019, and were allegedly damaged thereby ("Settlement Class"). Excluded from the Settlement Class are: (i) Defendants; (ii) members of the immediate family of any Individual Defendant; (iii) any person who was an officer, director, or controlling person of Portola Inc. or any of the Underwriter Defendants; (iv) any subsidiaries or affiliates of Portola or any of the Underwriter Defendants; (v) any entity in which any such excluded party has, or had, a direct or indirect majority ownership interest; (vi) Defendants' directors' and officers' liability insurance carriers, and any affiliates or subsidiaries thereof; and (vii) the legal representatives, heirs, successors-in-interest, or assigns of any such excluded persons or entities. Notwithstanding the foregoing and for the avoidance of doubt, the Settlement Class shall not exclude any "Investment Vehicles," defined as any investment company, or pooled investment fund or separately managed account (including, but not limited to, mutual fund families, exchange traded funds, funds of funds, private equity funds, real estate funds, hedge funds, and employee benefit plans) in which the Underwriter Defendants, or any of them, have, has, or may have a direct or indirect interest, or as to which its affiliates may serve as a fiduciary or act as an investment advisor, general partner, managing member, or in any other similar capacity but in which any of the Underwriter Defendants, alone or together with its, his, or her respective affiliates, is not a majority owner or does not hold a majority beneficial interest. Also excluded from the Settlement Class is any Settlement Class Member that validly and timely requests exclusion in accordance with the requirements set by the Court.

However, no Settlement Class Member has requested exclusion from the Settlement Class.

5. **Adequacy of Representation** – Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the settlement only, the Court hereby finally appoints Lead Plaintiff ACERA and Additional Named Plaintiff OFPRS as Class Representatives for the Settlement Class and appoints Lead Counsel Berman Tabacco as Class Counsel for the Settlement Class. Plaintiffs and Lead Counsel have fairly and adequately represented the Settlement Class both in terms of litigating the Action and for purposes of entering into and

implementing the Stipulation, and have satisfied the requirements of Federal Rules of Civil Procedure 23(a)(4) and 23(g), respectively.

6. **Notice** – The Court finds that the dissemination of the Notice and the publication of the Summary Notice: (a) were implemented in accordance with the Preliminary Approval Order; (b) constituted the best notice practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of (i) the pendency of the Action; (ii) the effect of the proposed Stipulation (including the Releases to be provided thereunder); (iii) Lead Counsel's motion for attorneys' fees, Litigation Expenses, and award of costs and expenses to Plaintiffs; (iv) their right to object to any aspect of the Stipulation, the Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees, Litigation Expenses, and award of costs and expenses to Plaintiffs; (v) their right to exclude themselves from the Settlement Class; and (vi) their right to appear at the Final Approval Hearing; (d) constituted due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Stipulation; and (e) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §§ 77z-1, 78u-4, as amended, and all other applicable law and rules. No Settlement Class Member is relieved from the terms of the Stipulation, including the Releases provided for therein, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice.  A full opportunity has been offered to Settlement Class Members to object to the proposed Stipulation and to participate in the hearing thereon.  No Settlement Class Member has objected to any aspect of the Stipulation, nor requested exclusion from the Settlement Class.  Thus, it is hereby determined that all Settlement Class Members are bound by this Order and the Judgment.

7. **CAFA Notice** – The Court finds that the notice requirements set forth in the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, to the extent applicable to the Action, have been satisfied and that the statutory waiting period for entry of this Order and the Judgment has elapsed.

8. **Objections and Exclusions** – There have been no objections to the Stipulation of Settlement, nor any requests for exclusion from the Settlement.

9. **Final Settlement Approval and Dismissal of Claims** – Pursuant to, and in accordance with, Rule 23(e)(2) of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Stipulation in all respects (including, without limitation, the amount of the Settlement, the Releases provided for therein, and the dismissal with prejudice of the claims asserted against Defendants in the Action), and finds that the Stipulation is, in all respects, fair, reasonable, and adequate, and in the best interests of the Settlement Class.  Specifically, the Court finds that (a) Plaintiffs and Lead Counsel have adequately represented the Settlement Class; (b) there was no collusion in connection with the Stipulation; (c) the Stipulation was the product of informed, arm's-length negotiations among competent, able counsel; (d) the relief provided for the Settlement Class under the Stipulation is adequate taking into account the costs, risks, and delay of trial and appeal, the proposed means of distributing the Settlement Fund to the Settlement Class, the proposed attorneys' fee award and requested reimbursement of Plaintiffs' Counsel's litigation expenses and Plaintiffs' costs and expenses; and (e) the Plan of Allocation treats members of the Settlement Class equitably relative to each other.

10. Accordingly, the Court authorizes and directs implementation and performance of all the terms and provisions of the Stipulation, as well as the terms and provisions hereof.   The Court hereby dismisses the Action and all claims asserted therein with prejudice.  The Settling Parties are to bear their own costs, except as and to the extent provided in the Stipulation and herein.

11. **Binding Effect** – The terms of the Stipulation, this Order, and the separate Judgment shall be forever binding on Defendants, Plaintiffs, and all other Settlement Class Members (regardless of whether or not such Settlement Class Member executes and delivers a Proof of Claim form or shares in the Net Settlement Fund).

12. **Releases and Bar Order** – The Releases set forth in paragraphs 5.1, 5.3, and 5.4 of the Stipulation, together with the definitions contained in paragraph 1 of the Stipulation relating thereto, are expressly incorporated herein.  As set forth in the Preliminary Approval Order, the Releases are limited to claims based on the identical factual predicate as that underlying the claims settled in this class action.  The Releases are effective as of the Effective Date. Accordingly, this Court orders that:

a. Without further action by anyone, and subject to paragraph 13, infra, upon the Effective Date of the Stipulation, Plaintiffs, and each member of the Settlement Class, shall be deemed to have (and by operation of the Judgment shall have) fully, finally, and forever released, relinquished, and discharged all Plaintiffs' Released Claims against the Defendants and Defendants' Releasees (including Unknown Claims), whether or not such Settlement Class Member executes and delivers a Proof of Claim form or shares in the Net Settlement Fund. Claims to enforce the terms of the Stipulation are not released.

b. Without further action by anyone, and subject to paragraph 13, infra, upon the Effective Date of the Stipulation, each of the Defendants and Defendants' Releasees shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Defendants' Claims (including Unknown Claims) against Plaintiffs, each and all of the Settlement Class Members, Plaintiffs' Counsel, and other Plaintiffs' Releasees.  Claims to enforce the terms of the Stipulation or any order of the Court relating to the Stipulation of the Action are not released.

13. Notwithstanding paragraphs 12 (a) – (c) supra, nothing in this Order shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation, this Order, or the Judgment.

14. **Rule 11 Findings** – Pursuant to 15 U.S.C. § 78u-4(c)(1) and based on its review of the record, the Court finds that the Parties and their respective counsel complied with the requirements of Rule 11(b) of the Federal Rules of Civil Procedure as to all proceedings had herein.

15. **No Admissions** – Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is, or may be deemed to be, or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Defendants or their respective related Parties, or (b) is, or may be deemed to be, or may be used as an admission of, or evidence of, any fault or omission of any of the Defendants or their respective related parties in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal.  Defendants and/or their respective related parties may file the Stipulation and/or this Judgment from this Action in any other action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

16. **Retention of Jurisdiction** – Without affecting the finality of the Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of this Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining motions or applications for attorneys' fees, reimbursement of Litigation Expenses, and reimbursement of costs and expenses to Plaintiffs; and (d) all parties herein for the purpose of construing, enforcing, and administering the Stipulation.

17. Separate orders shall be entered regarding (a) approval of a plan of allocation, and (b) the motion of Lead Counsel for an award of attorneys' fees, reimbursement of Litigation Expenses, and reimbursement of costs and expenses to Plaintiffs.  Such orders shall in no way affect or delay the finality of this Order or the Judgment and shall not affect or delay the Effective Date of the Stipulation.

18. **Termination of Stipulation** – In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, or the Effective Date does not occur, then the Judgment shall be rendered null and void to the extent provided by and in accordance

with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation, and the Settling Parties shall revert to their respective positions in the Action as of June 9, 2022, as provided in the Stipulation.

19. **Settlement Administration** – Absent further order of the Court, the Court hereby sets the following schedule for completing the administration of the Settlement in this matter.

a. The Claims Administrator shall complete its review of submitted Proofs of Claim in this matter and calculation of Recognized Claim Amounts for Authorized Claimants within 180 days of the Court's existing deadline for putative Settlement Class Members to submit completed Proofs of Claim;

b. Within 30 days of the Claims Administrator's completion of its review of submitted claims, Lead Counsel shall submit a distribution motion (the "Settlement Class Distribution Motion") to the Court, which shall seek entry of an Order (the "Distribution Order") approving, inter alia, the Claims Administrator's claims determinations and resolving, pursuant to ¶¶6.4-6.8 of the Stipulation of Settlement, any unresolved disputes raised by any Claimants relating to the Claims Administrator's administrative determinations;

c. Unless the Distribution Order provides for a later date, the Claims Administrator shall mail the first round of checks distributing settlement fund payments to eligible Settlement Class Members within 30 days of entry of the Distribution Order, and the checks shall remain valid for up to between 90-120 days from issuance (chosen at the discretion of Lead Counsel and the Claims Administrator).

d. Re-issued or later-issued checks from the first distribution round that are mailed later than the date proscribed in ¶19(c), supra (e.g., when a check is reissued to a new address after an earlier check is returned via U.S. Mail as undeliverable) shall, at the discretion of Lead Counsel and the Claims Administrator, remain valid for a period of between 45-120 days (with consideration given to (i) how long after the distribution of initial checks first occurred and

when those checks are generally expected to become void if not deposited, and (ii) the need to further administer the settlement).

        e.        Checks issued for subsequent rounds of distribution of Settlement Funds after the first round, if any, shall be mailed no later than 45 days after all of the non-deposited check from the prior round become void. Checks issued in a subsequent distribution round, if any, shall remain valid for the same time period proscribed in ¶¶19(c) & 19(d), supra, for checks issued for the first distribution round.

        f.        Within twenty (21) days after the Settlement Funds have been fully distributed to Settlement Class Members (i.e., all checks issued have either expired or been deposited), but before distribution to any cy pres recipient, Lead Counsel will file a Post-Distribution Accounting, as described in the Northern District's Procedural Guidance for Class Action Settlements, to inform the Court about the administration of the Settlement. Pursuant to this Court's Standing Order for Civil Cases (at 17), the Post-Distribution Accounting will include the information required by the Northern District's Procedural Guidance for Class Action Settlements, including, as relevant, the following information: (i) when payments were made to Settlement Class Members; (ii) the number of Settlement Class Members who were sent payments; (iii) the total amount of money paid to Settlement Class Members; (iv) the average and median recovery per Settlement Class Member; (v) the largest and smallest amounts paid to Settlement Class Members; (vi) the number and value of cashed and uncashed checks; (vii) the number of Settlement Class Members who could not be contacted; (viii) the number of objections and opt outs; (ix) the amount to be distributed to each cy pres recipient; (x) any significant or recurring concerns communicated by Settlement Class Members to the Claims Administrator and Lead Counsel since final approval; (xi) any other settlement administration issues since final approval; and (xii) how any concerns or issues were resolved. Lead Counsel will cause the Claims Administrator to post the Post-Distribution Accounting on the Settlement website.

- 11 -

20.     **Entry of Order** – There is no just reason for delay in the entry of this Order in this Action.  Accordingly, the Clerk of the Court is expressly directed to immediately enter this Order and the separate Judgment.

IT IS SO ORDERED.


DATED:  March 6, 2023

_____
THE HONORABLE VINCE CHHABRIA
UNITED STATES DISTRICT JUDGE