UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| PAUL HAYDEN, et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>PORTOLA PHARMACEUTICALS INC., et al.,<br><br>    Defendants. | No. 3:20-cv-00367-VC<br>Hon. Vince Chhabria |

**[PROPOSED] ORDER AWARDING (I) ATTORNEYS' FEES, (II) REIMBURSEMENT OF EXPENSES, AND (III) AWARD OF COSTS AND EXPENSES TO PLAINTIFFS**

This matter came for hearing before the Court on March 2, 2023 (the "Final Approval Hearing") on Lead Counsel's motion for (i) an award of attorneys' fees, (ii) reimbursement of litigation expenses incurred in this securities class action (the "Action"), and (iii) an award of costs and expenses to Plaintiffs pursuant to 15 U.S.C. § 78u-4(a)(4) (the "Fee and Expense Motion"). The Court, having considered all papers filed and the proceeding conducted herein, having found the Settlement reached in this action to be fair, reasonable, and adequate and otherwise being fully informed, finds as follows:

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. All capitalized terms not otherwise defined herein have the same meaning as set forth in the September 19, 2022 Stipulation and Agreement of Settlement (ECF No. 231-2) (the "Stipulation").

2. The Court has jurisdiction over the subject matter of this Action and all matters related thereto, including all members of the Settlement Class.[1]

---

[1] "Settlement Class" means the class defined in the Order Preliminarily Approving Settlement and Providing for Notice ("Preliminary Approval Order") (ECF No. 242), at 2-3.

3. Pursuant to and in compliance with Rule 23 of the Federal Rules of Civil Procedure, the Court hereby finds and concludes that due and adequate notice of these proceedings was directed to all persons and entities who are Settlement Class Members who could be identified with reasonable effort advising them of the Fee and Expense Motion and of their right to object thereto, and a full and fair opportunity was accorded to persons and entities who are Settlement Class Members to be heard with respect to the Fee and Expense Motion.

4. The Court hereby finds that the Notice to the Settlement Class of the Fee and Expense Motion met the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §§ 77z-1, 78u-4, as amended, and all other applicable law and rules; constituted the best notice practicable under the circumstances; and constituted due and sufficient notice to all persons and entities entitled thereto.

5. No Settlement Class Member has filed an objection to the Fee and Expense Motion, nor requested exclusion from the Settlement Class.

6. Lead Counsel is hereby awarded, on behalf of all Plaintiffs' Counsel, attorneys' fees in the amount of $4,375,000 (25% of the Settlement Fund), and $750,612.54, in payment of Plaintiffs' Counsel's litigation expenses, together with any interest earned thereon for the same time period and at the same rate as that earned on the Settlement Fund until paid pursuant to the terms set forth in the Stipulation.

7. The attorneys' fees awarded in paragraph 6, supra, is subject to the hold-back provision of paragraph 10, infra.

8. The Court finds that the amount of fees awarded is appropriate and is fair and reasonable under both the "percentage-of-the-fund" method and using the lodestar cross-check, particularly given the substantial risks of non-recovery, the substantial time and effort involved, and the results obtained for the Settlement Class in connection with the Settlement.

9. In accordance with 15 U.S.C. § 78u-4(a)(4), the Court hereby awards reimbursement of costs and expenses from the Settlement Fund to Lead Plaintiff Alameda

County Employees' Retirement Association ("ACERA") in the amount of $10,000 and Additional Named Plaintiff Oklahoma Firefighters Pension and Retirement System ("OFPRS") in the amount of $8,500—sums the Court finds to be fair and reasonable—in connection with their representation of the Settlement Class.

10. Ninety percent (90%) of the total amount of attorneys' fees awarded and interest earned, as well as all litigation expenses and interest earned and reimbursement of costs and expenses to Plaintiffs, shall be paid from the Settlement Fund immediately upon entry of this Order, subject to the terms, conditions, and obligations of the Stipulation, which terms, conditions, and obligations are incorporated herein by reference. Consistent with this Court's established practice, the Court orders that 10% of the total amount of attorneys' fees awarded shall be withheld until after a distribution of the Net Settlement Fund to Authorized Claimants has been made. Pursuant to the Court's Standing Order for Civil Cases (at 17), with Lead Counsel's filing of the Post-Distribution Accounting, Lead Counsel will submit a proposed order to the Court requesting the release of the remainder of its fee award and applicable earned interest.

11. In making the awards of attorneys' fees, reimbursement of litigation expenses, and reimbursement of Plaintiffs' costs and expenses to be paid from the Settlement Fund, the Court has considered and found that:

    a. The Settlement constitutes a favorable result for the Settlement Class as it created a common fund of $17.5 million in cash from which numerous Settlement Class Members who submit valid and timely Proofs of Claim will benefit;

    b. The requested attorneys' fees and payment of litigation expenses have been reviewed and approved as fair and reasonable by Lead Plaintiff and Additional Named Plaintiff OFPRS, institutional investors that have been directly involved in the prosecution and resolution of the Action and who have substantial interests in ensuring that any fees and expenses paid to counsel are duly earned and not excessive;

      c.      The requested 25% fee request is consistent with an *ex-ante* fee agreement negotiated by ACERA and entered into at the outset of the litigation;

      d.      The attorneys' fees awarded are consistent with awards in similar cases and with the Ninth Circuit's 25% "benchmark";

      e.      Notice was disseminated to Settlement Class Members stating that Lead Counsel would be submitting a request for attorneys' fees in an amount not to exceed 25% of the Settlement Amount plus accrued interest, payment of expenses incurred in connection with the prosecution of this Action in an amount not to exceed $840,000 plus accrued interest, and a payment of up to an aggregate of $20,000 to Plaintiffs, which payment includes but is not limited to reimbursement of Plaintiffs' reasonable costs and expenses directly related to their representation of the Settlement Class. No Settlement Class Members have filed an objection to that request for fees, expenses, or reimbursement to Plaintiffs;

      f.      Plaintiffs' Counsel have expended substantial time and effort pursuing the Action on behalf of the Settlement Class;

      g.      The Action raised many complex factual and legal issues and, in the absence of settlement, would involve lengthy proceedings against the Defendants, the resolution of which would be uncertain;

      h.      Plaintiffs' Counsel assumed substantial risk by pursuing the Action on a contingent basis, having received no compensation during the Action, and expecting any fee award would be contingent on the result achieved;

      i.      As set forth in the Fee and Expense Motion, Plaintiffs' Counsel devoted over 15,400 hours, collectively, to the prosecution of the Action;

      j.      The fee awarded results in a negative lodestar multiplier of less than 0.5 of the collective lodestar of Plaintiffs' Counsel, which confirms the reasonableness of the requested fee;

      k.      Public policy strongly favors rewarding firms for bringing successful securities class action litigation; and

11. The amounts to be paid from the Settlement Fund for attorneys' fees, expenses, and an award for reimbursement of Plaintiffs' costs and expenses are fair and reasonable and consistent with awards in similar cases.

12. Any appeal or any challenge affecting this Court's approval regarding any attorneys' fee and expense application shall in no way disturb or affect the finality of the Judgment and other orders entered with respect to the Settlement.

13. Exclusive jurisdiction is hereby retained over the subject matter of this Action and over all parties to the Action, including the administration and distribution of the Net Settlement Fund to Settlement Class Members.

14. In the event that the Settlement is terminated or does not become Final or the Effective Date does not occur in accordance with the terms of the Stipulation, this Order shall be rendered null and void to the extent provided by the Stipulation and shall be vacated in accordance with the Stipulation.

IT IS SO ORDERED.

DATED:  March 6, 2023

_____
THE HONORABLE VINCE CHHABRIA
UNITED STATES DISTRICT JUDGE