UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| PAUL HAYDEN, et al.,<br><br>                    Plaintiffs,<br><br>         v.<br><br>PORTOLA PHARMACEUTICALS INC., et al.,<br><br>                    Defendants. | No. 3:20-cv-00367-VC |

**FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE AS AMENDED**

This matter came before the Court pursuant to the Order Preliminarily Approving Settlement and Providing for Notice ("Notice Order") dated October 31, 2022, on the application of the parties for approval of the Settlement set forth in the Stipulation and Agreement of Settlement, dated September 19, 2022 (the "Stipulation").  Due and adequate notice having been given to the Settlement Class as required in said Notice Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. This Judgment incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings as set forth in the Stipulation, unless otherwise set forth herein.

2. This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Settlement Class Members.

- 2 -

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby affirms its determination in the Notice Order and finally certifies, for purposes of settlement only, a Settlement Class defined as:  all persons and entities who purchased or otherwise acquired the common stock of Portola Pharmaceuticals, Inc. ("Portola Inc.") between January 8, 2019 and February 28, 2020, inclusive (the "Settlement Class Period"), and were allegedly damaged thereby; including those who purchased or otherwise acquired Portola Inc. common stock either in or traceable to Portola Inc.'s secondary public offering ("SPO") on or about August 14, 2019, and were allegedly damaged thereby ("Settlement Class").  Excluded from the Settlement Class are: (i) Defendants; (ii) members of the immediate family of any Individual Defendant; (iii) any person who was an officer, director, or controlling person of Portola Inc. or any of the Underwriter Defendants; (iv) any subsidiaries or affiliates of Portola or any of the Underwriter Defendants; (v) any entity in which any such excluded party has, or had, a direct or indirect majority ownership interest; (vi) Defendants' directors' and officers' liability insurance carriers, and any affiliates or subsidiaries thereof; and (vii) the legal representatives, heirs, successors-in-interest, or assigns of any such excluded persons or entities. Notwithstanding the foregoing and for the avoidance of doubt, the Settlement Class shall not exclude any "Investment Vehicles," defined as any investment company, or pooled investment fund or separately managed account (including, but not limited to, mutual fund families, exchange traded funds, funds of funds, private equity funds, real estate funds, hedge funds, and employee benefit plans) in which the Underwriter Defendants, or any of them, have, has, or may have a direct or indirect interest, or as to which its affiliates may serve as a fiduciary or act as an investment advisor, general partner, managing member, or in any other similar capacity but in which any of the Underwriter Defendants, alone or together with its, his, or her respective affiliates, is not a

majority owner or does not hold a majority beneficial interest.  Also excluded from the Settlement Class is any Settlement Class Member that validly and timely requests exclusion in accordance with the requirements set by the Court.  However, no Settlement Class Member has requested exclusion from the Settlement Class.

        4.        The Court finds that: (a) the members of the Settlement Class are so numerous that joinder of all Settlement Class Members in the Settlement Class are impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual question; (c) the claims of Plaintiffs are typical of the claims of the Settlement Class; (d) Plaintiffs and Plaintiffs' Counsel have fairly and adequately represented and protected the Settlement Class Members; (e) the questions of law and fact common to the members of the Settlement Class predominate over any questions affecting only individual Settlement Class Members; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering (i) the interest of each Settlement Class Member in individually controlling the prosecution or defense of separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by or against members of the Settlement Class; (iii) the desirability of concentrating the litigation of these claims in this particular forum; and (iv) the difficulties likely to be encountered in the management of the class action.

        5.        Pursuant to Federal Rule of Civil Procedure 23, the Court hereby approves the Settlement set forth in the Stipulation and finds that:

        (a)     said Stipulation and the Settlement contained therein, are, in all respects, fair, reasonable, and adequate and in the best interest of the Settlement Class;

        (b)     there was no collusion in connection with the Stipulation;

- 4 -

        (c)    the Stipulation was the product of informed, arm's-length negotiations among competent, able counsel; and

        (d)    the record is sufficiently developed and complete to have enabled Plaintiffs and Defendants to have adequately evaluated and considered their positions; and

        (e)    the Plan of Allocation treats Settlement Class Members equitably relative to each other.

        6.    Accordingly, the Court authorizes and directs implementation and performance of all the terms and provisions of the Stipulation, as well as the terms and provisions hereof.  The Court hereby dismisses the Action and all claims asserted therein with prejudice.  The Settling Parties are to bear their own costs, except as and to the extent provided in the Stipulation and herein.

        7.    Upon the Effective Date, and as provided in the Stipulation, Plaintiffs shall, and each member of the Settlement Class shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Plaintiffs' Released Claims against the Defendants and Defendants' Releasees (including Unknown Claims), whether or not such Settlement Class Member executes and delivers a Proof of Claim form or shares in the Net Settlement Fund.  Claims to enforce the terms of the Stipulation are not released.

        8.    Upon the Effective Date, and as provided in the Stipulation, each of the Defendants and Defendants' Releasees shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Defendants' Released Claims (including Unknown Claims) against Plaintiffs, each and all of the Settlement Class Members, Plaintiffs' Counsel and other Plaintiffs' Releasees.  Claims to

- 5 -

enforce the terms of the Stipulation or any order of the Court relating to the Settlement of the Action are not released.

9. The Notice given to the Settlement Class was the best notice practicable under the circumstances, including the individual notice to all Settlement Class Members who could be identified through reasonable effort.  Said notice provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Stipulation, to all Persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23 and the requirements of due process.

10. Any Plan of Allocation submitted by Lead Counsel or any order entered regarding any attorneys' fee and Litigation Expense application shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

11. Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is, or may be deemed to be, or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Defendants or their respective related Parties, or (b) is, or may be deemed to be, or may be used as an admission of, or evidence of, any fault or omission of any of the Defendants or their respective related parties in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal.  Defendants and/or their respective related parties may file the Stipulation and/or this Judgment from this Action in any other action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release,

good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

13. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of this Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees, reimbursement of Litigation Expenses and for an award to the Plaintiffs; and (d) all parties herein for the purpose of construing, enforcing, and administering the Stipulation.

13. The Court finds that during the course of the Action the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

14. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to the Defendants or their insurers, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation, and the Settling Parties shall revert to their respective positions in the Action as of June 9, 2022, as provided in the Stipulation.

15. Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

16. The Court directs immediate entry of this Judgment by the Clerk of the Court.

//

- 7 -

    IT IS SO ORDERED.

DATED:  March 6, 2023

                                        THE HONORABLE VINCE CHHABRIA
                                        UNITED STATES DISTRICT JUDGE