# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

|  |  |
|---|---|
| PAUL HAYDEN, et al., | No. 3:20-cv-00367-VC (Consolidated) |
| Plaintiffs, | 3:20-cv-00949-VC |
| | 3:20-cv-01501-VC |
| v. | |
| PORTOLA PHARMACEUTICALS INC., et al., | Hon. Vince Chhabria |
| Defendants. | |

## [PROPOSED] ORDER APPROVING DISBURSEMENT OF CLASS SETTLEMENT FUNDS

This matter came for hearing before the Court on the motion of Lead Plaintiff and Settlement Class Representative Alameda County Employees' Retirement Association ("ACERA") for approval of distribution of the Net Settlement Fund to Authorized Claimants. The Settlement, having reached its Effective Date, and the Court, having considered all papers filed and the proceeding conducted herein and having found the Plan of Allocation to be fair, reasonable, and adequate and otherwise being fully informed, finds as follows:

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. All capitalized terms not otherwise defined herein have the same meaning as set forth in the September 19, 2022 Stipulation and Agreement of Settlement (ECF No. 231-2) (the "Stipulation") and the Declaration of Nicholas Schmidt in Support of Lead Plaintiff's Motion for Distribution of Class Settlement Funds ("Schmidt Declaration").

2. The Court has jurisdiction over the subject matter of this motion and all matters related thereto.

3. No claim received after October 6, 2023 will be eligible for a payment from the Net Settlement Fund.

4.     The administrative determinations of Epiq Class Action and Claims Solutions, Inc. ("Epiq") accepting the claims described in the Schmidt Declaration (¶¶ 35-39) and listed on **Exhibits E-1** and **E-2** thereto, including the late but otherwise eligible claim forms, calculated pursuant to the Court-approved Plan of Allocation set forth in the Notice, are hereby approved, and said claims are hereby APPROVED.

5.     The administrative determinations of Epiq rejecting claims described in the Schmidt Declaration (¶¶ 40-41) and listed on **Exhibit E-3** thereto, are hereby approved, and said claims are hereby REJECTED.

6.     The administrative determinations of Epiq rejecting certain transactions asserted in Claim No. 423 (Schmidt Declaration ¶ 28 & **Exhibit D** thereto) are hereby approved.  The disputed transactions in Claim No. 423 are hereby REJECTED.

7.     A payment in the amount of $275,000.00 as set forth in the Schmidt Declaration (¶¶ 42-49) and in **Exhibit F** thereto from the Net Settlement Fund as payment for the fees and expenses by Epiq incurred to date (including amounts expected to be incurred) in connection with the initial distribution of the Net Settlement Fund ("Initial Distribution") is hereby APPROVED.

8.     A payment in the amount of $45,382.440 as set forth in the Schmidt Declaration (¶ 50) and in **Exhibit G** thereto from the Net Settlement Fund as payment for expenses incurred to date by nominees (banks, trustees, brokerage firms, or other nominees) to complete the notice of mailing pursuant to the Notice is hereby APPROVED.

9.     Epiq is authorized to conduct the Initial Distribution of the Net Settlement Fund as set forth in ¶ 52 of the Schmidt Declaration.  Specifically, the Net Settlement Fund shall be distributed to the Authorized Claimants listed on **Exhibits E-1** and **E-2** to the Schmidt Declaration in proportion to each Authorized Claimant's Recognized Loss as compared to the total Recognized Losses of all Authorized Claimants as shown on such Exhibits, as detailed in the Schmidt Declaration (¶¶ 35-39, 52) and pursuant to the Court-approved Plan of Allocation.

10.     The checks for distribution to Authorized Claimants issued in the Initial Distribution shall bear the notation "DEPOSIT PROMPTLY, VOID AND SUBJECT TO RE-DISTRIBUTION IF NOT NEGOTIATED WITHIN [#] DAYS OF ISSUE DATE."  Lead Counsel and Epiq are authorized to take appropriate actions to locate and/or contact any Authorized Claimant who has not cashed their check within said time.

11.     Authorized Claimants who do not cash their checks within the time allotted will irrevocably forfeit all recovery from the Net Settlement Fund.

12.     If any funds remain in the Net Settlement Fund by reason of uncashed checks or otherwise, and after the Claims Administrator has made reasonable and diligent efforts to have Settlement Class Members who are entitled to participate in the distribution of the Net Settlement Fund cash their distribution checks, then, pursuant the Schmidt Declaration ¶ 52(b), but no earlier than six (6) months after the Initial Distribution and after deducting Epiq's unpaid fees and expenses further incurred or expected to be incurred in connection with administering the Settlement for which it has not yet been paid (including the estimated costs of such second distribution), and after the payment of any actual or expected taxes, costs of preparing appropriate tax returns, and escrow fees, any remaining balance in the Net Settlement Fund may be re-distributed pursuant to Settlement Class Members who have cashed their checks and who would receive at least $10.00 from such re-distribution based on their pro-rata share of the remaining funds.

13.     Epiq may make additional redistributions of balances remaining in the Net Settlement Fund to Authorized Claimants who have cashed their prior checks and who would receive at least $10.00 from such additional redistributions if—after deducting Epiq's unpaid fees and expenses further incurred or expected to be incurred in connection with administering the Settlement for which it has not yet been paid (including the estimated costs of such distribution), and after the payment of any actual or expected taxes, costs of preparing appropriate tax returns, and escrow fees—Lead Counsel, in consultation with Epiq, determines that additional redistributions would be cost effective.

14.     If any balance remains in the Net Settlement Fund after either the first or additional distributions, which in the determination of Lead Counsel in consultation with Epiq is not cost-effective to reallocate, Lead Counsel, after or in conjunction with the filing of the Post-Distribution Accounting detailed infra, ¶ 15, will move the Court for an order directing Lead Counsel and Epiq to pay any remaining funds (after payment of any unpaid fees and expenses incurred in administering the Settlement) to cy pres recipient FINRA Investor Education Foundation, as detailed in ¶ 6.10 of the Stipulation.

15.     As required by the Order Approving Class Action Settlement as Amended, entered March 6, 2023 (ECF No. 257), within twenty-one (21) days after the Settlement Funds have been fully distributed to Settlement Class Members (i.e., all checks issued have either expired or been deposited), but before distribution to any cy pres recipient, Lead Counsel will file a Post-Distribution Accounting, as described in the Northern District's Procedural Guidance for Class Action Settlements, to inform the Court about the administration of the Settlement. ECF No. 257 ¶ 19(f).  Pursuant to this Court's Standing Order for Civil Cases (at 17), the Post-Distribution Accounting will include the information required by the Northern District's Procedural Guidance for Class Action Settlements, including, as relevant, the following information: (i) when payments were made to Settlement Class Members; (ii) the number of Settlement Class Members who were sent payments; (iii) the total amount of money paid to Settlement Class Members; (iv) the average and median recovery per Settlement Class Member; (v) the largest and smallest amounts paid to Settlement Class Members; (vi) the number and value of cashed and uncashed checks; (vii) the number of Settlement Class Members who could not be contacted; (viii) the number of objections and opt outs; (ix) the amount to be distributed to each cy pres recipient; (x) any significant or recurring concerns communicated by Settlement Class Members to the Claims Administrator and Lead Counsel since final approval; (xi) any other settlement administration issues since final approval; and (xii) how any concerns or issues were resolved.  Id.  Lead Counsel will cause the Claims Administrator to post the Post-Distribution Accounting on the Settlement website.  Id.

16.     The Court finds that the administration of the Settlement and the proposed distribution of the Net Settlement Fund comply with the terms of the Stipulation and the Plan of Allocation and that all persons and entities involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the claims submitted in connection with the Settlement of this Action, or who are otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund are released and discharged from any and all claims arising out of such involvement.  The Court further finds that, pursuant to the release terms of the Stipulation, all Settlement Class Members, whether or not they are to receive payment from the Net Settlement Fund, are barred from making any further claims against the Net Settlement Fund or the parties released pursuant to the Settlement beyond the amount allocated to them pursuant to this Order.

17.     Epiq is hereby authorized to destroy the paper copies of the claim forms and all supporting documentation one year after the final distribution.  Epiq is further authorized to destroy all electronic claim forms and supporting documentation one year after all funds have been distributed.

IT IS SO ORDERED.


DATED:  December 15, 2023

THE HONORABLE VINCE CHHABRIA
UNITED STATES DISTRICT JUDGE